JERSEY CITY STATIONERS CORP., A CORPORATION OF NEW JERSEY, PLAINTIFF-APPELLANT, v. THE COUNTY OF HUDSON, A BODY POLITIC AND CORPORATE OF THE STATE OF NEW JERSEY, AND THE BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF HUDSON, DEFENDANTS-RESPONDENTS.

Argued December 11, 1958—Decided February 16, 1959.

*Mr. Victor Ruskin* argued the cause for the plaintiff-appellant.

*Mr. Jack Feinberg* argued the cause for the defendants-respondents (*Mr. William F. Kelly, Jr.,* attorney; *Mr. Jack Feinberg* on the brief).

*Mr. Joseph A. Davis, amicus curiae, pro se.*

PER CURIAM. Summary judgment was entered for defendants in plaintiff's breach of contract action in the Superior Court, Law Division. This court certified plaintiff's appeal on its own motion.

The trial court held that *N. J. S. A.* 30:4–93 to 96 requires that before a county may solicit any bids on a contract for the furnishing of supplies it must obtain a certification from the State Use Industries of the Department of Institutions and Agencies that State Use Industries cannot furnish the same or their equivalent or any part thereof. The court concluded that as the county had not complied with this condition precedent it lacked authority to enter into the contract with the plaintiff wherein the latter agreed to supply the furniture, furnishings and equipment for the new Hudson County Administration Building for the sum of $1,068,524.21. Additionally, the court found from its own examination of the State Use catalogue and the specifications of the contract, both of which were part of the record, that certain items mentioned in the specifications appear to be available in the catalogue. There were several other issues raised by the pleadings. However, the trial judge did not pass upon them as his ruling mentioned above was dispositive of the case.

We recognize the important policy of the State Use statute (*N. J. S. A.* 30:4–92 *et seq.*) to provide productive activity for inmates of institutions. To the extent to which State Use Industries is able to supply materials within its inevitable limitations as to quantity, price and time, the statutory scheme must be enforced. But there are areas of necessary reconciliation between the program of State Use Industries and the needs of state and county government. The furnishing of the ordinary recurring needs is one thing; the supply of articles in a massive program of furnishing a new building entailing an expenditure of a sum in the neighborhood of a million dollars is something else. The capacity of State Use Industries to meet the latter demand is far from evident. If some minor articles could be supplied, it still may be contrary to the

common sense of a situation to retard a project of this nature, and perhaps destroy a desired uniformity of furnishings, to the end that a small portion of the total requirement be furnished by State Use Industries. In addition, it may be economically unsound to fragmentize a purchase of this size. We note that while a comparison of the specifications with the catalogue persuaded the trial court that some items were within the scope of the State Use program, yet the affidavit of the president of the plaintiff company asserted, "There is not a single such item [in the contract specifications] in the State Board's catalogue." An issue of fact is thereby raised which we think should not be disposed of upon a motion for summary judgment.

There is also the question of reconciling the State Use statute and the competitive bidding acts. Was it the legislative design that State Use be engaged without bidding by it where the bidding statutes are by their terms applicable? We are not disposed to deal with the question without fuller information with respect to the practical construction which State Use Industries has itself placed upon the statute and the full story of the financial and physical capacity of State Use Industries to meet specifications as to material, design, cost and time.

In these circumstances, we are of the view that there should be a plenary hearing with respect to the facilities and practice of State Use Industries, and the practical working plans, if any, which have arisen between it and state and county governments. The statutory language requiring certification is mandatory in character. But no cases are to be found which have dealt with the effect of failure of compliance upon a contract let in good faith after public bidding, where upon a later attack it appears that State Use Industries could not have supplied more than an inconsequential part of the necessary articles, or perhaps that the articles which could be furnished are not reasonably adaptable or accordant with the nature of the use contemplated. Accordingly, we suggest for the guidance of the trial court, that if under all the circumstances, the county

acted in good faith in proceeding as it did, and if State Use Industries in fact was able to furnish only an inconsequential portion of the total need within the time limitations involved in the county's program, so that it would not have been reasonably prudent to have parcelled the total project into separate contracts, then, under such circumstances, the lack of certification in advance by the State Use Industries that it could not furnish the articles or their equivalent might not operate to void the contract. For want of a full record, we cannot venture a more definitive view. There is nothing in the record indicating the reason, if any, why the county did not obtain such certification. It appears that the county representatives and the State Board conferred prior to the letting of the contract. The nature of these conferences does not appear. Upon the remand inquiry should be made into the subject matter of these conferences.

The judgment is reversed and the matter remanded for the trial of the foregoing and all other issues in the cause.

*For reversal*—Chief Justice WEINTRAUB, and Justices HEHER, WACHENFELD, BURLING, JACOBS, FRANCIS and PROCTOR—7.

*For affirmance*—None.